UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| | 13-CV-00767(A)(M) |
| v. | |
| $6,160.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

_____

This civil forfeiture action has been referred to me by Hon. Richard J. Arcara for

supervision of pretrial proceedings [9].[1]  Before me is the government's motion to strike the

claim of claimants Mark F. Shanks and Mark W. Shanks [12].  For the following reasons, I

recommend that the motion be granted in part and denied in part.


**BACKGROUND**

On July 23, 2013 the United States commenced this action pursuant to 21 U.S.C.

§§881(a)(4) and (6), seeking forfeiture of $6,160.00 in United States currency and a 2006

Chevrolet Colorado vehicle.  Complaint [1].  Pursuant to Rule G(5)(a) of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Forfeiture Rules"),[2] on

September 5, 2013 claimants Mark F. Shanks and his father, Mark W. Shanks, filed their

Verified Claim (verified by Mark W. Shanks) alleging that "[t]he defendant vehicle is owned by

---

[1]     Bracketed references are to CM/ECF docket entries.

[2]     The Forfeiture Rules are appended to the Federal Rules of Civil Procedure.

and registered to MARK W. SHANKS" and that "[t]he defendant currency is owned by MARK

W. SHANKS". <u>Id.</u>, ¶¶5, 6.

Under Forfeiture Rule G(5)(b), their Answer to the Complaint was due 21 days

after filing the Claim, namely by September 26, 2013.  However, their Answer [8] was not filed

until October 11, 2013, meaning that it was 15 days late. In moving to strike the Claim, the

government argues that the Answer is untimely, and that both the Claim and Answer are unduly

vague with respect to ownership of the currency and vehicle.  *See* Government's Memorandum

of Law [13].


**ANALYSIS**

**A.      Untimeliness of the Answer**

"Courts routinely strike claims in federal forfeiture actions where a claimant fails

to comply with the deadlines provided by the Forfeiture Rules . . . . However, a court has the

discretion to excuse a missed deadline if the claimant can show excusable neglect."  <u>United</u>

<u>States v. $541,395.06 U.S. Currency</u>, 2012 WL 3614294, *3 (W.D.N.Y. 2012) (Siragusa, J.).

"An analysis of excusable neglect requires the Court to examine four factors including:  the

danger of prejudice to the non-movant, the length of the delay and its impact on proceedings, the

reason for the delay including whether it was within the reasonable control of the movant, and

whether the movant acted in good faith." <u>Id.</u>

Claimants address each of these factors.  They note that the government cannot

claim prejudice from the belated filing of their answer, since they "could have validly filed their

claim as late as October 11, 2013".  Claimants' Memorandum of Law [14-1], p. 9 of 14. They

argue that, for the same reason, the 15-day delay in filing the answer has minimal impact upon the judicial proceedings.  Id,. With respect to the third factor (reason for the delay), claimants note that they had initially calendared September 20, 2013 as the deadline for filing their Claim and October 11, 2013 (21 days later) as the deadline for filing their Answer. However, they then filed the Claim on September 5, 2013 - 15 days *prior* to the September 20 deadline, but "the previous calendar entry was never updated to reflect this earlier filing date and Claimants' counsel was therefore under the mistaken impression that their Answer was due by October 11, 2013".  Id., pp. 9-10 of 14.

Finally, claimants argue that their good faith is demonstrated by the fact that they initially calendared the filing deadlines, and filed the Claim well in advance of its due date. Id., p. 10 of 14. They also suggest that they have a valid defense to the forfeiture claim, in that the underlying criminal charges have been dismissed.  Id., pp. 10-11 of 14; Salevsky Supplemental Affirmation [15].

Considering all of the applicable factors, I agree with claimants that the relatively short delay in serving their Answer should be excused.  *See* United States v. $12,914.00 in U.S. Currency, 828 F. Supp.2d 822, 824 (D.Md. 2011) (involving a delay of 49 days) ("The verified claim is the most significant requirement in Rule G(5) . . . . An answer merely requires the claimant to state defenses and to admit or deny the plaintiff's averments . . . .  In this case, the delay occasioned by the belated filing of the answer was minimal.  And, the delay was occasioned by counsel's inadvertence. When the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect'").

**B.      Vagueness of Ownership Claims**

"With regard to the claim of ownership, there are competing views on the amount of information that is necessary to satisfy this requirement.  Supplemental Rules G(5)(a)(i)(A) & (B) are silent as to the amount of information necessary to satisfy this obligation.  Some courts have held that a simple claim of ownership will suffice."  United States v. $39,557.00, More or Less, in United states Currency, 683 F. Supp.2d 335, 339 (D.N.J. 2010).

Forfeiture Rule G(5)(a)(i)(B) requires that the claim "identify the claimant and state the claimant's interest in the property".  As to claimant Mark W. Shanks, the Verified Claim does just that, stating that he is the owner of both the currency and the automobile.  In my view, nothing more is required of him at this time.  Whether he will be able to *prove* his ownership is another question,[3] which is not before me on this motion.

Claimants acknowledge that the court may "discontinue the ownership claims of Mark F. Shanks altogether".  Claimants' Memorandum of Law [14-1], p. 13 of 14.  Since the Claim was not verified by Mark F. Shanks (as required by Forfeiture Rule G(5)(a)(i)(C)) and asserts no claim of ownership by him, his claims should be stricken.

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion to strike [12] be granted as to claimant Mark F. Shanks, but denied as to claimant Mark W. Shanks.  Unless otherwise

---

[3]      For example, the Complaint alleges that Mark F. Shanks claimed to own both the vehicle and the jacket in which the currency was found ([1], ¶10), and the Answer [8] alleges that both Mark F. and Mark W. Shanks are the owners of the vehicle and the currency.

ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with

the clerk of this court by May 12, 2014 (applying the time frames set forth in Fed. R. Civ. P.

("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)).   Any requests for extension of this deadline must be

made to Judge Arcara.   A party who "fails to object timely . . . waives any right to further judicial

review of [this] decision".   Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v.

Arn, 474 U.S. 140, 155 (1985).

   Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

   The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying

that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".   Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: April 24, 2014


    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge